UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Paula Kritzman, Individually and on behalf of all others similarly situated, : : : Plaintiff, : : v. : AMERICAN EXPRESS RETIREMENT : PLAN, AMERICAN EXPRESS COMPANY, : AMERICAN EXPRESS COMPANY EMPLOYEE : BENEFITS ADMINISTRATION COMMITTEE, : JOHN DOES 1-100, : : Defendants. : : | Civil Action No. 06-CV-0233 **CLASS ACTION** JURY TRIAL REQUESTED *ELECTRONICALLY FILED* |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Paula Kritzman, by and through her undersigned counsel, respectfully requests that the Court take notice of the attached Ruling on Defendant's Motion to Dismiss in the directly analogous case entitled *Parsons v. AT & T Pension Benefit Plan*, Slip Copy, 2006 WL 3826694 (D. Conn. December 26, 2006) ("*AT & T*") (attached hereto as Exhibit A), as supplemental authority in support of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Plaintiff's Opposition"). This decision was issued after the filing of Plaintiff's Opposition and directly addresses arguments proffered by Defendants in their Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Def. Mem.") and Reply Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Def. Reply Mem.").

Noting the recent decision in *In re Citigroup Pension Plan ERISA Litigation*, 2006 WL 3613691 (S.D.N.Y., December 12, 2006), as well as its own decision in *Richards v. Fleetboston*

*Financial Corp.*, 427 F.Supp.2d 150 (D. Conn. 2006), the *AT & T* court denied the defendants' motion to dismiss the plaintiffs' claim that the cash balance plan formulas of the defined benefit plans at issue violate the age discrimination provision of ERISA § 204(b)(1)(H).  Further, the *AT & T* decision supports Plaintiff Kritzman's assertion that the issue of when the statute of limitations began to run involves factual disputes and is not ripe for adjudication at this stage of the litigation.  *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss at 21-22.

Plaintiff respectfully requests that the Court take notice of the *AT & T* decision in its consideration of Plaintiff's Opposition to Defendants' Motion to Dismiss.

Dated: January 8, 2007                          Respectfully submitted,

By:  _/S/  Curtis Trinko
Curtis V. Trinko
**LAW OFFICES OF CURTIS V. TRINKO, LLP**
16 West 46th Street
Seventh Floor
New York, NY 10036
Telephone: (212) 490-9550
Facsimile: (212) 986-0158

**SCHIFFRIN  BARROWAY TOPAZ AND KESSLER, LLP**
Joseph H. Meltzer, Esq.
Edward W. Ciolko, Esq.
Mark K. Gyandoh, Esq.
Joseph A. Weeden, Esq
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**Attorneys for Plaintiff**

# EXHIBIT A



Slip Copy                                                                                                                Page 1
Slip Copy, 2006 WL 3826694 (D.Conn.)
**(Cite as: Slip Copy)**

Parsons v. AT & T Pension Ben. Plan D.Conn.,2006.Only the Westlaw citation is currently available.
United States District Court,D. Connecticut.
Bradford J. PARSONS, et al., Plaintiffs
v.
AT & T PENSION BENEFIT PLAN, et al., Defendants.
**Civil Action No. 3:06CV552 (JCH).**

Dec. 22, 2006.
Dec. 26, 2006.

Eli Gottesdiener, Gottesdiener Law Firm, PLLC, Brooklyn, NY, Jennifer C. Jaff, Jennifer C. Jaff, Farmington, CT, for Plaintiffs.
Christine Button, Patrick W. Shea, Paul, Hastings, Janofsky & Walker, Stamford, CT, for Defendants.

**RULING ON DEFENDANT'S MOTION TO DISMISS [Doc. Nos. 17 & 18]**

JANET C. HALL, United States District Judge.
**\*1** The plaintiffs' claims before this court challenge the cash balance plan of the AT & T Pension Benefit Plan ("AT & T Plan," formerly known as the "SBC Pension Benefit Plan" prior to SBC's November 2005 acquisition of AT & T), and the cash balance or pension equity formulas of three other plans: the Southern New England Telecommunications Corporation Pension Plan ("SNET Plan"); the Ameritech Management Pension Plan ("Ameritech Plan"); and the Pacific Telesis Group Cash Balance Pension Plan for Salaried Employees ("PTG Plan"). These three plans merged into the SBC Plan in 2000, 2004, and 1999, respectively, after SBC acquired SNET, Ameritech, and PTG. SBC merged with AT & T Corp. in 2005, with the surviving corporation named AT & T and the SBC Plan renamed the AT & T Pension Benefit Plan. The plaintiffs claim that these cash benefit formulas violate the age discrimination provision under ERISA § 204(b)(1)(H).

The defendants have moved the court to dismiss this claim, essentially asking the court to reconsider its previous decision in *Richards v. FleetBoston Financial Corp.,* 427 F.Supp.2d 150 (D.Conn.2006), which held that cash balance plans discriminate on the basis of age. At the time this court decided *Richards,* there were only a few other rulings on the issue. As is evidenced by the parties' numerous Notices of Supplemental Authority, there have been many more decisions both within this Circuit and elsewhere. Recently another district court in this circuit has ruled similarly to this court's decision in *Richards.* See *In re Citigroup Pension Plan Erisa Litigation,* ---F.Supp.2d ----, 2006 WL 3613691 (S.D.N.Y., December 12, 2006). On the other hand, the Seventh Circuit recently, in *Cooper v. IBM Personal Pension Plan,* 457 F.3d 636 (7th Cir.2006), reversed the district court's decision, whose reading of the phrase "rate of benefit accrual" this court had concurred with in *Richards* to support its holding that the meaning of this phrase is clear from ERISA itself, *see* Ruling at 20. In reversing, the Seventh Circuit held that "a phrase dealing with inputs was misunderstood to refer to outputs;" that is, the court found the phrase "benefit accrual" read "most naturally as a reference to what the employer puts in (either in absolute terms or as a rate of change), while the defined phrase 'accrued benefit' refers to outputs after compounding." *Cooper,* 457 F.3d at 639.

While recognizing that its decision is contrary to several other courts, including the Seventh Circuit, this court continues to adhere to its previous statutory interpretation of the terms Congress used in ERISA § 204(b)(1)(H). In light of the great similarity that "rate of benefit accrual" bears to the statutorily defined term "accrued benefit," and the fact that ERISA requires accrued benefit to be measured as an annual benefit commencing at normal retirement age for defined benefit plans, but requires accrued benefit to be measured as the balance of an individual's account for defined contribution plans, in this court's opinion the term "rate of benefit accrual," as used in § 204(b)(1)(H)(i), refers to rate measured as a change in the annual benefit commencing at normal retirement age. The statute is unambiguous in this respect, and the court need not inquire further into its meaning.

**\*2** With regard to the statute of limitations issue raised by the defendants in their Motion to Dismiss, this is generally a special defense and has not yet been pled. However, the court finds that the question of which state statute of limitations is most analogous to the ERISA provision at issue is a pure legal issue that can be resolved at this time. The defendants argue that, because the ERISA provision at issue does not provide for a specific limitations period, the most analogous state statute of limitations is 180 days, the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 3826694 (D.Conn.)
**(Cite as: Slip Copy)**

Page 2

statute of limitations under Connecticut law for age discrimination claims. Plaintiffs counter that the most analogous state statute of limitations is six years, the statute of limitations for breach of contract claims, because pension benefit claims are essentially contract claims.

The court disagrees with defendants that *Sandberg v. KPMG Peat Marwick, LLP,* 111 F.3d 331 (2d Cir.1997), is the closest Second Circuit case. In *Sandberg,* the court applied a two-year statute of limitations under § 120 of New York's Workers' Compensation Law to a claim under ERISA § 510. The case involved a plaintiff who alleged that the defendant fired him to prevent him from becoming fully vested in the plan, and the court held that the causes of action under § 510 "prevent employers from punishing employees for exercising rights or benefitting from rights so favored by public policy as to be placed outside the range of considerations on which an employer may base its at-will employment decisions." *Id.* at 335.

Contrary to *Sandberg,* which involved no claims related to specific benefits, this case deals with determining specific benefits, and thus is about a contract. Hence, the court finds that the most analogous state statute of limitations is six years, for breach of contract claims. *See Miles v. New York State Teamsters Conference Pension & Ret. Fund Employee Pension Benefit Plan,* 698 F.2d 593, 598 (2d Cir.1983); *Campanella v. Mason Tenders' District Council Pension Plan,* 299 F.Supp.2d 274, 280 (S.D.N.Y.2004). Any arguments defendants have that any or all of plaintiffs' claims arose more than six years prior to filing this suit can be raised on summary judgment.

The parties also dispute when the statute of limitations begins to run in this case. The parties agree that the statute of limitations only begins to run " 'when there has been a repudiation by the fiduciary which is *clear* and made known to the beneficiaries,' " *Miles,* 698 F.2d at 598, but the parties are in disagreement over whether the defendants' communications regarding the changes to cash balance plans did or did not "clearly repudiate" anything. The court will not reach this argument until further discovery has been conducted, because factual issues appear determinative.

### IV. CONCLUSION

For the foregoing reasons, the court DENIES the defendants' Motion to Dismiss **[Doc. Nos. 17 & 18]**.

**SO ORDERED.**

D.Conn.,2006.
Parsons v. AT&T Pension Ben. Plan
Slip Copy, 2006 WL 3826694 (D.Conn.)

END OF DOCUMENT

<u>**CERTIFICATE OF SERVICE**</u>

I, Curtis V. Trinko, hereby certify that true and correct copies of Plaintiff's Notice of Supplemental Authority was served on the following attorneys by means of postage prepaid, first class mail delivery through the U.S. Mails and electronic mail on this date:

Jeremy P. Blumenfeld, Esq.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Tel: (215) 963-5258
Fax: (215) 963-5001

Christopher A. Parlo, Esq.
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
Fax: (212) 309-6273

**ATTORNEYS FOR DEFENDANTS**

Joseph H. Meltzer, Esq.
Edward W. Ciolko, Esq.
Mark K. Gyandoh, Esq.
Schiffrin & Barroway, LLP
280 King of Prussia Road\
Radnor, Pennsylvainia 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

**ATTORNEYS FOR PLAINTIFFS**

Dated: January 8, 2007
      New York, New York

                                               /s/ Curtis V. Trinko
                                                 Curtis V. Trinko