LAW OFFICES OF
**MORGAN, LEWIS & BOCKIUS LLP**
101 PARK AVENUE
NEW YORK, NEW YORK  10178
(212) 309-6000
FAX:  (212) 309-6273

ATTORNEYS FOR DEFENDANTS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
:
**PAULA KRITZMAN,**                                     :
                                                                        :
                       **Plaintiff,**                          :
                                                                        :        06 CV 0233 (LAK)
           v.                                                         :
                                                                        :
**AMERICAN EXPRESS RETIREMENT**   :
**PLAN, AMERICAN EXPRESS**                 :
**COMPANY, AMERICAN EXPRESS**           :
**COMPANY EMPLOYEE BENEFITS**          :
**ADMINISTRATION COMMITTEE,**          :        *ELECTRONICALLY FILED*
**JOHN DOES 1-100**                                  :
                                                                        :
                       **Defendants.**                    :
_____:

### NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants, by and through their counsel, hereby give notice to the Court of the recent Memorandum Decision issued by Judge Chin in Bryerton, et al. v. Verizon Communications Inc., No. 06-Civ. 6672 (S.D.N.Y. April 17, 2007) (attached as Exhibit "A").  In Bryerton, Judge Chin held that cash balance plans are not age discriminatory and do not violate ERISA Section 204(b)(1)(H), 29 U.S.C. § 1054(b)(1)(H).  Id. at *7-11.  Defendants respectfully submit that Judge Chin's Opinion in Bryerton confirms that Defendants' Motion to Dismiss should be

granted as to Count I of Plaintiff's Complaint.

Dated: New York, New York
April 19, 2007      Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By:  /s/Christopher A. Parlo
      Christopher A. Parlo (CP 4310)

101 Park Avenue
New York, NY  10178
(212) 309-6000
Fax:  (212) 309-6001
E-Mail: cparlo@morganlew.com

Michael L. Banks
(*Pro Hac Vice* Admission)
Jeremy P. Blumenfeld
(*Pro Hac Vice* Admission)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
Tel.  215.963.5000
Fax: 215.963.5001
Attorneys for Defendants

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically on April 19, 2007 and accordingly served upon the following:

> Law Offices of Curtis V. Trinko, LLP
> 16 West 46th Street
> Seventh Floor
> New York, NY 10036
>
> Schiffrin & Barroway, LLP
> Joseph H. Meltzer, Esq.
> Edward W. Ciolko, Esq.
> Mark K. Gyandoh, Esq.
> Joseph A. Weeden, Esq.
> 280 King of Prussia Road
> Radnor, Pennsylvania 19087

/s/Jeremy P. Blumenfeld
Jeremy P. Blumenfeld

# EXHIBIT "A"

Case 1:06-cv-00233-LAK-HBP     Document 35-2     Filed 04/19/2007     Page 1 of 14

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

MARGARET BRYERTON, CHERYL A. BROCK, :
MARK A. FERRAIOLO, and MICHAEL
CUBBINS, on behalf of themselves    :
and on behalf of all others
similarly situated,                 :

                    Plaintiffs,     :       MEMORANDUM DECISION

          - against -                :      06 Civ. 6672 (DC)

VERIZON COMMUNICATIONS INC.,        :
VERIZON MANAGEMENT PENSION PLAN,
and VERIZON EMPLOYEE BENEFITS       :
COMMITTEE,
                                    :
                    Defendants.
                                    :
- - - - - - - - - - - - - - - - - - -x

APPEARANCES:    GOTTESDIENER LAW FIRM, PLLC
                     By:  Eli Gottesdiener, Esq.
                498 7th Street
                Brooklyn, NY  11215
                Attorney for Plaintiffs

                COVINGTON & BURLING LLP
                     By:  Jeffrey G. Huvelle, Esq.
                          Eric R. Sonnenschein, Esq.
                          Matthew J. Watkins, Esq.
                1201 Pennsylvania Avenue, NW
                Washington, DC  20004-2401
                Attorneys for Defendants
```

**CHIN, D.J.**

In this case, plaintiffs Margaret Bryerton, Cheryl Brock, Mark Ferraiolo, and Michael Cubbins bring suit under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"), on behalf of themselves and all others similarly situated, alleging that the Verizon Management Pension Plan (the "Plan") violates § 204(b)(1)(H)(i) of ERISA because the Plan discriminates on the basis of age. 29 U.S.C. § 1054(b)(1)(H)(i).

Defendants move to dismiss, arguing that plaintiffs fail to state a claim upon which relief may be granted. For the foregoing reasons, defendants' motion is granted.

## BACKGROUND

The facts as alleged in the complaint are assumed to be true for purposes of this motion.

### I. Retirement Plans Under ERISA

ERISA provides for two basic types of retirement plans: "defined contribution plans" and "defined benefit plans." 29 U.S.C. § 1002(34)-(35); see In re J.P. Morgan Chase Cash Balance Litig., 460 F. Supp. 2d 479, 481 (S.D.N.Y. 2006). A defined contribution plan is "a pension plan which provides for an individual account for each participant and for benefits based solely upon the amount contributed to the participant's account." 29 U.S.C. § 1002(34). Thus, the employee's account reflects the share of contributions made to the plan from time to time by the employer and/or employee. The risk of the plan's investment performance is borne by the employee, and the employer does not guarantee any benefit upon retirement. See In re J.P. Morgan Chase, 460 F. Supp. 2d at 481.

In contrast, a defined benefit plan is any retirement plan that is not a defined contribution plan. See 29 U.S.C. § 1002(35). Employees are guaranteed a retirement benefit under defined benefit plans, so the employer bears the risk of the plan's performance. See In re J.P. Morgan Chase, 460 F. Supp. 2d at 481.

A cash balance plan strongly resembles a defined contribution plan, but is actually treated as a defined benefit plan. See Laurent v. PriceWaterhouseCoopers LLP, 448 F. Supp. 2d 537, 541 (S.D.N.Y. 2006) (citing Esden v. Bank of Boston, 229 F.3d 154, 176 (2d Cir. 2000)).  Under a cash balance plan, a hypothetical account is established in the participant's name, and benefits are determined based on the value of the hypothetical account.  Id.  The fact that an account is setup on behalf of an employee is a feature shared by defined contribution plans.  Nonetheless, employees are guaranteed benefits upon retirement -- as is the case for defined benefit plans -- and this Circuit classifies cash balance plans as defined benefit plans as a matter of law.  See Esden, 229 F.3d at 158 ("However, notwithstanding that cash balance plans are designed to imitate some features of defined contribution plans, they are nonetheless defined benefit plans under ERISA.").

## II.  **The Verizon Management Pension Plan**

The Verizon Management Pension Plan is a cash balance plan, and thus a defined benefit plan within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35).  (Compl. ¶¶ 14).  The Plan covers Verizon's non-union employees.  (Id.).  The Plan is a successor in interest to, among others, the Bell Atlantic Cash Balance Plan and the NYNEX Cash Balance Plan.  (Id. ¶ 15).[1]  The Bell Atlantic

---

[1] Formerly known as Bell Atlantic Corp., Verizon Communications Inc. changed its name to Verizon following Bell Atlantic's acquisition of GTE Corp. in 2000.  (Id. ¶ 17).  In addition, NYNEX merged into Bell Atlantic Corp. around 1998.

and NYNEX Cash Balance Plans were previously traditional pension plans until they were converted into cash balance plans in 1996 and 1998, respectively. (Id. ¶¶ 19-20).

On June 30, 2006, the Plan was frozen as a cost-cutting measure. (Id. ¶ 22). Accordingly, Verizon employees no longer accrue benefits under the Plan based on employment on or after July 1, 2006. (Id.). In spite of the freeze, benefits remain payable under the Plan based on the level of benefits accrued by each participant prior to the freeze. (Id. ¶ 25). In addition, interest credits and other adjustments continue to be made to participants' benefits. (Id.).

Prior to the 2006 benefit freeze, the Plan calculated pension benefits under a "cash balance" benefit formula. (Id. ¶ 24). Employees with fewer than 10 years of service as of January 1, 2002 had their benefits calculated under the cash balance formula. (Id.). Employees with 10 or more years of service as of January 1, 2002 had their benefits calculated under either the Plan's "highest average pay" ("HAP") formula or the cash balance formula -- whichever was greater. (Id.).

The benefits under the cash balance formula are expressed in terms of an annuity payable at normal retirement age (age 65), calculated based on the value of a hypothetical account established under the Plan for each participant. (Id. ¶ 26).

---

(Id. ¶ 20). Thus, employees of NYNEX, GTE, and Bell Atlantic are all covered by Verizon's plan. (Id. ¶¶ 20-21).

Before the Plan was frozen, each participant received pay credits to his or her hypothetical account each month. (Id. ¶ 27). Depending on the employee's age and years of employment, each employee received a credit between four and seven percent of the employee's monthly compensation. (Id.). Participants whose age plus service totalled less than 35 years received a crediting rate of four percent of compensation; participants with between 35 and 49 total years received a crediting rate of five percent of compensation; participants with between 50 and 64 total years received a crediting rate of six percent of compensation; and participants with 65 or more total years received a crediting rate of seven percent of compensation. (Id.).

In addition to pay credits, each participant's hypothetical account also was and continues to be credited each month with "interest credits," based on the Plan's interest crediting rate. (Id. ¶ 28). The interest crediting rate is uniform for all participants, and is equal to the average annual yield on one-year Treasury bills plus one percentage point, with the total limited to the yield on 30-year Treasury bonds. (Id.).

### III. **The Complaint**

Plaintiff's commenced this action by filing their complaint on September 1, 2006. Count One of the complaint asserts that the Plan discriminates on the basis of age for the period before June 29, 2005, the effective date of P.L. 109-280,

otherwise known as the Pension Protection Act of 2006,[2] H.R. 4, 109th Cong. § 701 (2006) (the "PPA").  (Compl. ¶¶ 37-40).  Count Two of the complaint asserts that the Plan discriminates on the basis of age for the period after the effective date of the PPA.  (Id. ¶¶ 41-44).  This motion followed.

## DISCUSSION

First, I discuss the standard on a motion to dismiss.  Second, I discuss plaintiffs' age discrimination claims.

### I.  Standard on a Motion to Dismiss

A complaint may not be dismissed under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The test for dismissal is not whether the plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims.  Id.  "In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."  Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991).  The court must accept the factual allegations of the complaint as true and draw all reasonable

---

[2]   The House of Representatives passed the Act on July 28, 2006, the Senate on August 3, 2006, and the President signed the Act on August 17, 2006.  See In re J.P. Morgan Chase, 460 F. Supp. 2d at 490 n.6.

inferences in favor of the plaintiff, Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996), but "bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss." Gavish v. Revlon, Inc., No. 00 Civ. 7291 (SHS), 2004 WL 2210269, at *10 (S.D.N.Y. Sept. 30, 2004) (quoting Citibank, N.A., v. Itochu Int'l Inc., No. 01 Civ. 6007 (GBD), 2003 WL 1797847, at *1 (S.D.N.Y. Apr. 4, 2003)).

**II.  Age Discrimination Claims Under ERISA § 204(b)(1)(H)(i)**

    **A.  Count One: For the Period Prior to June 29, 2005 -- the Effective Date of the Pension Protection Act**

Section 204(b)(1)(H)(i) provides that "a defined benefit plan shall be treated as not satisfying the requirements of this paragraph if, under the plan, an employee's benefit accrual is ceased, or the rate of an employee's benefit accrual is reduced, because of the attainment of any age."  29 U.S.C. § 1054(b)(1)(H)(i).

Plaintiffs allege that the Plan violates this anti-discrimination provision because a participant's rate of benefit accrual purportedly decreases as a result of age.  To illustrate the point, take two employees, a 30-year old and a 50-year old. Assume that they both retire after fifteen years of service. Under the Plan, the 30-year old will have a larger annual benefit at age 65 than the 50-year old will have at age 65 because the former will have accumulated 20 years more interest than the

-7-

latter. The issue here is whether this amounts to age discrimination under § 204(b)(1)(H)(i) of ERISA.

Numerous courts have confronted this issue recently. The majority, including the two circuit courts that have ruled on the issue, have found that cash balance plans -- like the one being challenged here -- are not age discriminatory. See, e.g., Register v. PNC Financial Services Group, Inc., 477 F.3d 56 (3d Cir. 2007); Cooper v. IBM Personal Pension Plan, 457 F.3d 636 (7th Cir. 2006); Drutis v. Quebecor World (USA), Inc., 459 F. Supp. 2d 580 (E.D. Ky. 2006); Hirt v. Equitable Retirement Plan for Employees, Managers & Agents, 441 F. Supp. 2d 516 (S.D.N.Y. 2006); Laurent, 448 F. Supp. 2d 537; Tootle v. ARINC, Inc., 222 F.R.D. 88 (D. Md. 2004); Eaton v. Onan Corp., 117 F. Supp. 2d 812 (S.D. Ind. 2000).

Some have found that they are age discriminatory. See, e.g., Parsons v. AT&T Pension Benefit Plan, No. 3:06CV552 (JCH), 2006 WL 3826694 (D. Conn. Dec. 26, 2006); In re Citigroup Pension Plan ERISA Litig., 470 F. Supp. 2d 323 (S.D.N.Y. 2006); In re J.P. Morgan Chase, 460 F. Supp. 2d 479; Richards v. FleetBoston Financial Corp., 427 F. Supp. 2d 150 (D. Conn. 2006).

Although the Second Circuit has not yet ruled on the issue, an appeal in Hirt is pending. Upon consideration of the competing interpretations of § 204(b)(1)(H)(i), I conclude that the Plan is not age discriminatory, for the reasons set forth in the Register, Cooper, Hirt, and Laurent line of cases.

First, the terms of the Plan are not only age neutral, but actually provide pay credits at a rate that is more generous for older employees than for younger employees. (Compl. ¶ 27). Interest credits are calculated at an identical rate for all employees. (Id. ¶ 28). Thus, the fact that a younger employee's pay credits are eventually worth more than those paid to an older employee (with a comparable salary and similar number of years of service) results not from discrimination, but from the fact that the younger employee has had more time to accumulate interest (as it will take more years for the younger employee to reach age 65). See Laurent, 448 F. Supp. at 553. In other words, the discrepancy results from the time value of money.

As the Cooper court explained, "[n]othing in the language or background of § 204(b)(1)(H)(i) suggests that Congress set out to legislate against the fact that younger workers have (statistically) more time left before retirement, and thus a greater opportunity to earn interest on each year's retirement savings. Treating the time value of money as a form of discrimination is not sensible." Cooper, 457 F.3d at 639.

Second, plaintiffs' position is based on their repeated assertion that "benefit accrual" and "accrued benefit" are equivalent. There is, however, simply no indication that Congress meant for the two terms to be used interchangeably. See Register, 477 F.3d at 69. Congress easily could have used the same terminology, but it did not. See Laurent, 448 F. Supp. 2d at 553 ("If the term 'benefit accrual' and 'accrued benefit'

are to be read as equivalents then the same term would have been used in both statutory sections."). Indeed, I agree with Judge Easterbrook's interpretation that the phrase "benefit accrual" in § 204(b)(1)(H)(i) "reads most naturally as a reference to what the employer puts in . . . while the defined phrase 'accrued benefit' refers to outputs after compounding." Id.

ERISA does not define "rate of an employee's benefit accrual." But, as explained in Laurent, cash balance plans -- unlike traditional defined benefit plans -- are not defined in terms of an age 65 annuity, but rather, are defined in terms of an account balance that grows with pay credits and interest. Id. It is therefore "logical that the rate of benefit accrual is not determined by the change in the age 65 annuity but is instead determined by the change in account balance." Id.; see also Cooper, 457 F.3d at 639; Hirt, 441 F. Supp. 2d at 551. In short, "benefit accrual" refers to inputs, and "accrued benefit" refers to outputs. Under this reading, the Plan is clearly not age discriminatory, as inputs or pay credits, which are based on a percentage of a participant's pay, increase with age. Interest credits are also inputs, but they are calculated using a uniform rate for all participants. Although the "accrued benefit" is lower for the 50-year old in our hypothetical discussed above than for the 30-year old, the difference is in the output, not the input, and the difference is the result not of discrimination, but of the accumulation of interest for a longer period of time.

Third, a comparison of the parallel anti-discrimination provisions for defined benefit and defined contribution plans reinforces this reading of the text. See Register, 477 F.3d at 68. According to § 204(b)(2)(A), "[a] defined contribution plan satisfies the requirements of this paragraph if, under the plan, allocations to the employee's account are not ceased, and the rate at which amounts are allocated to the employee's account is not reduced, because of the attainment of any age." 29 U.S.C. § 1054(b)(2)(A). This provision is nearly identical with the anti-discrimination provision for defined benefit plans, with the exception that the provision for defined benefit plans states what is prohibited, while the provision for defined contribution plans states what works. Cooper, 457 F.3d at 638.

Indeed, under the anti-discrimination provision for defined contribution plans, a plan complies with the provision so long as inputs or allocations are not reduced because of age. "Interest is not treated as age discrimination for a defined-contribution plan." Id. Thus, it would make little sense for Congress to allow for the accumulation of interest for defined contribution plans, but prohibit it for defined benefit plans. Register, 477 F.3d at 68-69.

In sum, the Plan does not violate § 204(b)(1)(H)(i) of ERISA. See, e.g., Register, 477 F.3d 56; Cooper, 457 F.3d 636; Drutis, 459 F. Supp. 2d 580; Hirt, 441 F. Supp. 2d 516; Laurent, 448 F. Supp. 2d 537; Tootle, 222 F.R.D. 88; Eaton, 117 F. Supp. 2d 812. Count One is dismissed.

### B.  Count Two: For the Period After June 29, 2005 -- the Effective Date of the Pension Protection Act

In Count Two, plaintiffs allege that the Plan discriminates on the basis of age for the period after June 29, 2005 -- the effective date of the Pension Protection Act. Although the PPA appears to have resolved the age discrimination issue on a prospective basis,[3] see Register, 477 F.3d at 65 n.8 (the PPA "significantly modified the application of the ERISA anti-discrimination provisions to cash balance plans, thus apparently settling the age discrimination dispute at issue here prospectively from June 29, 2005"), plaintiffs nevertheless argue that defendants do not qualify for the protections provided by the PPA.

Notwithstanding plaintiffs' assertions, I conclude that their claim under Count Two is dismissed for the same reasons set forth in the previous section -- because the Plan does not reduce a participant's "benefit accrual" on the basis of age. The PPA amends § 204(b)(1)(H) to provide an additional test for compliance under ERISA's age discrimination provision for defined benefit plans; it is not a replacement for the prior age discrimination test. Plaintiffs do not dispute this. (Pl. Mem. at 24) ("Under ERISA § 204(b)(1)(H) as amended by the PPA, a

---

[3]   Section 701(d) of the PPA provides that nothing in the amendments "shall be construed to create an inference" with respect to the ERISA's defined benefit plan anti-discrimination provision, section 1054(b)(1)(H), "as in effect before such amendments." Thus, the PPA's amendments do not appear to apply retroactively.

defined benefit plan must satisfy the same age discrimination standard that applied before enactment of the PPA -- but the PPA provides a safe harbor."). Thus, because the Plan complies with the original anti-discrimination provision, I need not interpret the anti-discrimination provision as amended by the PPA. Accordingly, Count Two is dismissed for the reasons that Count One is dismissed.

## CONCLUSION

For the reasons set forth above, defendant's motion is granted, and plaintiffs' complaint is dismissed, with prejudice and with costs, but without attorneys' fees. The Clerk of the Court shall enter judgment accordingly.

SO ORDERED.

Dated:   New York, New York
         April 17, 2007

DENNY CHIN
United States District Judge